**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

NACM North Central Corporation,

                        Plaintiff,

                                                                   Civ. No. 05-2405 (RHK/RLE)
                                                                   **MEMORANDUM OPINION
                                                                   AND ORDER**

v.

Experian Information Solutions, Inc.,

                        Defendant.

---

Shelley Ryan and Mark A. Myhra, Green Espel, P.L.L.P., Minneapolis, MN, for Plaintiff NACM North Central Corporation.

Dustin B. Rawlin, Jones Day, Cleveland, OH; and Gregory J. Myers and William A. Gengler, Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, for Defendant Experian Information Solutions, Inc.

---

      Before the Court is Experian Information Solutions's ("Experian") Motion and Application to Confirm Arbitration Award and NACM North Central Corporation's ("NACM") "Cross Motion for Clarification of the Award, or in the Alternative, to Remand."[1]  For the reasons set forth below, the Court with confirm the Award without modification.

---

[1] NACM seeks clarification or remand of the Award in its responsive briefing. It has not filed a notice of motion or motion in conjunction with those requests. Nonetheless, the Court will consider NACM's arguments.

The parties submitted a contract dispute to arbitration in late 2004.[2] The arbitrator issued an award in June 2005 (the "Award"), providing in part:

### Conclusions of Law

1. <u>The Distributor Agreement and Data Purchasing Agreement constitute legally enforceable contracts between the parties</u>.

2. Although the parties dispute whether Experian is contractually liable to pay NACM for Data from entities outside the "Geographic Area", it is undisputed that Experian in fact paid NACM for such Data from Dex and its predecessor, (both entities are outside the "Geographic Areas"), from and after October 1, 2002.

3. Whether based upon theories of waiver, estoppel, amendment or collateral agreement, or upon extrinsic evidence to resolve ambiguous contract terms, <u>Experian is liable to NACM for Data pertaining to Dex</u>.

4. The applicable fee for the Data pertaining to Dex between March 2004 to June 2004, which remains unpaid, is $33,000.00.

5. <u>Based upon the current record, any damage incurred from and after June 2004 is speculative and not recoverable</u>.

### Order

1. Claimant is hearby awarded the sum of $33,000.00.

2. Each party shall be responsible for their own fees and costs.

*****

5. <u>This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied</u>.

---

[2]The record before the Court regarding the subject matter of the arbitration is quite limited.

(Award at 4-5 (emphasis added).)

Experian filed its Motion to Confirm the Award in October 2005, after the time for any motion to vacate, modify, or correct the Award had passed. See 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.")  In response, NACM "cross move[d] to clarify the ambiguity in the award prior to confirmation, or alternatively, remand the award back to the arbitrator for the narrow purpose of clarifying the damage description."  (NACM Response Mem. at 1.)

"Absent a timely motion to vacate, in most cases the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." Domino Group, Inc. v Charlie Parker Mem'l Found., 985 F.2d 417, 420 (8th Cir. 1992) (internal quotation omitted).  This is consistent with "the limited nature of judicial review of arbitration awards under the Federal Arbitration Act." Id. at 419.  In the case of an ambiguous award, the Court may remand to the arbitrator for clarification. See id. at 420.

NACM attempts to place at issue the interpretation of paragraph five of the "Conclusions of Law" section of the Award, which states: "[b]ased upon the current record, any damage incurred from and after June 2004 is speculative and not recoverable." (Award at 4.)  According to NACM, "Experian's spin on the award language pertaining to 'future damages' [(paragraph five referenced above)] is that the arbitrator released Experian from

its contractual obligation to pay NACM for data provided to it after June 2004." (NACM Reply at 2.) NACM argues that this interpretation of the Award is inconsistent with the arbitrator's determination that "Experian is liable to NACM for Dex data." (Id.) Thus, NACM argues, "Experian's reading of the award <u>creates</u> an ambiguity." (<u>Id.</u> (emphasis in original).)

NACM's argument does not identify an ambiguity on the face of the Award. In fact, its quarrel is not with the Award itself—under which it appears to have largely prevailed—but with Experian's interpretation of the Award. Experian's "spin" on the Award, however, cannot create an ambiguity where none exists. Nor is it the role of this Court, under this procedural posture, to determine whether Experian's "spin" on the Award (as reported by NACM) is either correct or incorrect. Accordingly, the Court will confirm the Award in full, without modification or clarification.[3]

In confirming the Award, the Court does not express any opinion as to the validity of NACM's or Experian's apparent interpretation of the Award. Nor does it express an

---

[3]While NACM argues that its "Cross Motion for Clarification of the Award, or in the Alternative, to Remand," is <u>completely different</u> from a motion to vacate, modify, or correct an award as contemplated in § 12 of the Federal Arbitration Act ("FAA"), the Court finds this a hard proposition to swallow. Without an ambiguity on the face of the Award, NACM seeks "clarification" in order to address Experian's actions subsequent to the Award. Furthermore, NACM seeks this "clarification" despite having known about Experian's interpretation of the award within the permissible time for filing a motion under § 12 of the FAA. (<u>See</u> Burns Aff. ¶¶ 8-11.) To the Court, a request for "clarification" of an award that does not have an ambiguity on its face is quite like a request for modification of that award. As NACM is aware, the time for such a modification has passed.

opinion as to the effect, if any, the Award has on their dealings going forward.  Those issues are not properly before the Court on this Motion.

## Conclusion

Based on the foregoing, and all of the files, records, and proceedings herein, Defendant Experian Information Solutions, Inc.'s Motion and Application to Confirm Arbitration Award (Doc. No. 1) is **GRANTED**.  NACM North Central Corporation's request for clarification or remand of the Award is **DENIED**.  The Award of Arbitrator dated June 21, 2005, by arbitrator Michael Madigan, in Case Number 65 181 E 00427 04, is **CONFIRMED**.

Dated: January 26, 2006

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
